**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | **17 CR 822** |
| v. ) | **Honorable Edmond E. Chang** |
| ) | |
| **JOSE ACOSTA,** ) | |
| Defendant. ) | |

### DEFENDANT JOSE ACOSTA'S MOTION TO WITHDRAW HIS PLEA

NOW COMES JOSE ACOSTA, by and through his attorney, Quinn A. Michaelis, pursuant to Rule 11 of the Federal Rules of Criminal Procedure that this Honorable Court vacate his guilty plea of August 2, 2018 for "fair and just" reasons. Additionally, certain factual information came to light after Mr. Acosta entered into a plea agreement with the government, which changes his understanding of the case against him, and negates his waiver of his constitutional rights. In support of this motion, Mr. Acosta states as follows:

    I.    INTRODUCTION

On August 2, 2018, JOSE ACOSTA ("Mr. Acosta") entered a plea of guilty to count two of this indictment, which charged Mr. Acosta of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the change of plea hearing, Mr. Acosta was represented by counsel. Before his change of plea hearing, Mr Acosta received a copy of a draft plea agreement, as well as the entirety of his discovery to date, which did not contain the videos later disclosed to both defendants after they both pled guilty. The draft provided to Mr. Acosta contained a notation written by his prior attorney in the factual basis stating "Only 1 gun." (Exhibit 1). His attorney instructed

him to review the factual basis if the draft and make his own corrections. His attorney never returned to review those changes with him. On the date of the change of plea, a new draft was presented to Mr. Acosta, which he had previously not received a copy of, nor read prior to the start of the hearing, and which contained only one change from the previous draft: two additional points were added to his criminal history score.

During the change of plea hearing, the government recited the factual basis contained in the plea agreement. When asked if he agreed, Mr. Acosta hesitated before answering that he "disagree[d] with some, but it is pretty much true." (Tr. at 22). The Court then instructed Mr. Acosta to consult with his attorney, at which point Mr. Acosta then explained "I just – I guess—it was just the amount of guns, I guess. You know?"

Given the draft plea with an understanding of the number of guns that Mr. Acosta believed he was pleading guilty to, the second draft of a plea that was not reviewed with Mr. Acosta, and his confusion at the change of plea hearing, Mr. Acosta's plea was not knowingly and voluntarily entered. Furthermore, after both defendants pled guilty in this case, a second video was made available to the defense that cast doubt on both the veracity of the investigative reports in this case and certain facts contained in the factual basis of the plea agreement. As such, Mr. Acosta's guilty plea should be vacated for "fair and just reasons."

**II.     The Law:**

Rule 32 provides that "if a motion for withdrawal of a plea of guilty…is made before sentencing is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." A defendant, however, does not

have an absolute right withdraw his plea of guilty prior to sentencing. *United States v. LeDonne*, 21 F.3d 1418 (7th Cir. 1994).

Rule 11 is designed to address the issues this Court must review in determining whether "a defendant's guilty plea is a voluntary and intelligent choice among the alternative courses of action open to him." *United States v. Saenz,* 969 F.2d 294, 296 (7th Cir. 1992). A guilty plea taken without attention being given to the matters set forth in Rule 11 could constitute a "far and just" reason justifying the request for withdrawal of plea. *Id*.

Federal Rule of Criminal Procedure 11 requires that a reasonable plea colloquy take places between the court and the defendant, to ensure that the defendant makes a knowing and voluntary plea. The Court must also ensure that a defendant was not coerced into make the plea, and the he understands the nature of the charges against him. *United States v. Hernandez-Rivas*, 513 F.3d 753 (7th Cir. 2008).

The Court must also determine that a sufficient factual basis exists for a guilty plea. Fed. R. Crim. P. 11(b)(3). The Court may find the factual basis in anything that appears on the records, however, the factual basis contemplated by Rule 11 is normally established when the defendant describes the conduct that gave rise to the charge. *Id.*[1] ("this factual basis is most easily established when a defendant describes the conduct that gives rise to the charge in the indictment.") ("[A] dialogue between the court and the

---

[1] Fed. R. Crime P. 11(f)'s advisory committee's notes to the 1966 Amendments state: The Court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or offense included therein to which the defendant has pleaded guilty. Such Inquiry should, e.g.; protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.

3

person making the plea is the best method for establishing the factual basis of a plea as well as its voluntariness.") *United States v. Arenal*, 500 F.3d 634, 638 (7th Cir. 2007).

Unless the defendant understands the elements of the crime he is admitting, his plea cannot be said to have been knowingly and voluntarily entered. *United States v. Musa*, 946 F.2d 1297, 1303 (7th Cir. 1991)  To ensure that the defendant's plea is knowing, Rule 11(c) requires that a federal court "inform the defendant of, and determine that the defendant understands, … the nature of the charge to which the plea is offered." *United States v. Seybold*, 979 F.2d 582, 586 (7th Cir. 1992).

The preferred—but not required—method of satisfying Rule 11(c)(1) is for "the judge to explain the nature of the charges to the defendant either generally or with regard to the specific facts of the case." *United States v. Ray*, 828 F.2d 399, 405 (7th Cir. 1987).

Although the factual basis is generally supplied by the defendant's admissions, *United States v. Frye*, 738 F.2d 196, 199 (7th Cir. 1984), "Rule 11(f) does not require the district judge to engage in a colloquy with the defendant to establish a factual basis for a guilty plea.  A judge may find the factual basis from anything that appears on the record, which includes the government's proffer." *Musa*, 946 F.2d at 1302; *United States v. Ivory*, 11 F.3d 1411, 1415 (7th Cir. 1993) ("Rule 11 does not distinguish between factual material supplied by the defendant and that supplied by the prosecutor").  The test for whether there is a sufficient factual basis for a guilty plea is subjective. *Musa* 946 F.2d at 1302.

Generally, a defendant's independent prior reading of the charges is considered inadequate to ascertain whether he understood the nature of the charges except in the simplest cases. *Ray*, 828 F.2d at 410.

4

Foundationally, because plea bargains are central to the administration of justice, a defendant is entitled to the adequate assistance of counsel during this critical stage of the criminal process. *Missouri v. Frye*, 566 U.S. 134, 143 (2012). As such, "a plea, even one that complies with Rule 11, cannot be 'knowingly and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958 (7th Cir. 2013). To determine effective assistance of counsel in the plea-bargaining process, the *Strickland* test is applied. *Frye*, 566 U.S. at 140. To succeed, a defendant must establish first that "that counsel's representation fell below an objective standard of reasonableness," and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668 (1984).

III.     Argument

Under the totality of the circumstances, Mr. Acosta's guilty plea should be vacated. The Court should consider the complexity of the charge, the defendant's level of intelligence, age and education, whether the defendant was represented by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as evidence proffered by the government. *Musa*, 946 F.2d at 1304.

Although the plea agreement is not overly complicated, Mr. Acosta clearly disagreed with the factual basis of the plea. Further complicating the matter is the fact that Mr. Acosta was not given an opportunity to review the plea agreement he signed, nor review the statement of facts contained therein.

While Mr. Acosta was represented by counsel at the hearing, the record indicates that he had a disagreement with the number of guns for which he was accepting

5

responsibility. Upon being advised to consult with his attorney, he continued to state that he was confused about the number of guns that he was admitting he possessed. Furthermore, as the first draft plea agreement indicates, both Mr. Acosta and his attorney made notations to the factual basis regarding the number of guns Mr. Acosta believed he was responsible for, however that specific fact was never corrected in the final plea agreement. Finally, the plea agreement that was filed with the court was never reviewed by Mr. Acosta. According to the American Bar Association's Criminal Justice Standards for the Defense Function, Rule 4-3.9(b), defense counsel has a duty to provide a client with "copies of or access to relevant documents, unless the client's access to such information is restricted by law or court order." Clearly a final plea agreement is one of the most relevant documents in a criminal case, and an attorney's failure to review that document with his client is not "reasonable[] under prevailing professional norms." *Strickland,* 466 U.S. at 688. As a result, Mr Acosta, has subsequently been prejudiced by losing the opportunity to challenge the admissibility of evidence that not only will be used to enhance his sentence, but which would have impacted Mr. Acosta's decision to plead guilty to begin with.

      Given the foregoing, the "fair and just" result is for this Court to vacate Mr. Acosta's plea agreement pursuant to Federal Rule of Criminal Procedure 11.

WHEREFORE, the defendant, JOSE ACOSTA, prays that his Honorable Court, pursuant to Rule 11, vacate his guilty plea for "fair and just" reasons.

Respectfully submitted,

/s/Quinn A. Michaelis

Quinn A. Michaelis
Attorney for Jose Acosta
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2019, I electronically filed the above

**DEFENDANT JOSE ACOSTA'S MOTION TO WITHDRAW HIS PLEA**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on May 20, 2019.

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney for Jose Acosta
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920