UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| VS. | ) | CASE NO. 17 CR 822 |
| | ) | |
| | ) | Hon. Edmund E. Chang |
| JOSE ACOSTA | ) | |

### DEFENDANT JOSE ACOSTA'S MOTION TO QUASH ARREST

NOW COMES, defendant JOSE ACOSTA, by and through his attorney, Quinn A. Michaelis, and respectfully requests this Honorable Court quash his arrest and suppress all evidence obtained as a result of his illegal arrest. In support of this motion, JOSE ACOSTA states as follows:

I.  Factual Background

On November 15, 2017, Chicago Police Department began surveilling 1923 S. Peoria, an apartment believed to be used by the Ambrose street gang. At approximately 2:30 in the afternoon, the surveillance team observed a Kia Sedona, driven by Jose Flores, park near the apartment the team was surveilling. According to the police report, the officers observed JOSE ACOSTA, dressed in khaki pants and a royal blue shirt, exit the building. According to the report, Officer Gallas observed JOSE ACOSTA carrying a rifle wrapped in a black garment. Officer Gallas told the rest of the team that he could clearly observe a rifle barrel protruding from this black garment. According to the report, Officer

1

Gallas then observed Jose Flores open the rear of his vehicle, at which point Officer Gallas claims to have observed JOSE ACOSTA place "the rifle" into the back of the vehicle. According to the report, Jose Flores and JOSE ACOSTA then walked into a gangway where another officer, Officer Brandon, observed the defendants engage in conversation. According to Officer Brandon, Jose Flores then handed JOSE ACOSTA a large bundle of paper USC. According to the report, Jose Flores then left the gangway, walked back to his car and drove away. JOSE ACOSTA, and an unknown man, then walked back to the entrance of 1923 S. Peoria and reentered the building.

At approximately 5:00 pm that evening, Officer Gallas observed JOSE ACOSTA leave 1923 S. Peoria. Officers Brandon and Dolan conducted a stop on JOSE ACOSTA, and identified JOSE ACOSTA as the person who "carried the rifles" to Jose Flores' vehicle and received money from Flores in the gangway.

A security video of the incident revealed that JOSE ACOSTA and Jose Flores did not enter a gangway after the men were observed near Jose Flores' car. Nor is it clear from the video whether something was protruding from the black bundle carried by JOSE ACOSTA when he existed 1923 S. Peoria.

## II. Argument

Warrantless arrests, like warrantless searches, must be supported by probable cause. An officer without an arrest warrant must have probable cause to believe that a suspect has committed a crime. *United States v. Sawyer*, 224 F. 3d 675, 678 (7th Cir. 2000). "Probable cause" exists to make a warrantless arrest when facts

2

and circumstances within an officer's knowledge are sufficient for a reasonably prudent person to believe that a suspect has committed a crime. *United States v. Cortez*, 449 U.S. 411, 418 (1981). To determine whether an officer had probable cause to arrest an individual, a court will examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. *Ornelas v. United States*, 517 U.S. 690, 696 (1996).

The threshold for probable cause to arrest is based upon factual and practical consideration of everyday life that could lead a reasonable person to believe that there is a probability that an illegal act has occurred or is about to occur. *United States v. Strickland*, 144 F.3d 412, 416 (6th Cir. 1998). Officers are not required to rule out every possible explanation other than a suspect's illegal conduct before making an arrest, but an arresting officer must be able to articulate concrete facts from which the totality of the circumstances indicated that an arrest is warranted. *Illinois v. Gates,* 462 U.S. 213 (1983). However, "mere proximity to suspected criminal activity does not, without more, generate probable cause." *United States v. Richards,* 719 F.3d 746, 757 (7th Cir. 2013). "In order to find probable cause based on association with persons engaging in criminal activity, some additional circumstances from which it is reasonable to infer participation in a criminal enterprise must be shown." *United States v. Burnell*, 963 F.2d 976, 986 (7th Cir. 1992). Thus, the Court has found that no probable cause existed where a defendant was arrested "principally because he carried a bag down a gangway previously used

in a suspicious transaction and furtive looking around." *United States v. Ingrao*, 897 F.2d 860, 866 (7th Cir. 1990).

Here, the most glaring fact that could have suggested illegal conduct was the purported passing of a large bundle of money from Jose Flores to JOSE ACOSTA. However, that particular fact is unsupported by the video evidence disclosed to the defense. In the videos of the transaction, a camera is located directly over the gangway the defendants allegedly walked down to conduct this cash transfer. None of the videos show the defendants walking down this gangway, in fact the video clearly shows JOSE ACOSTA walking right passed the gangway without stopping. This discrepancy between what the video shows and the narrative of the police report clearly calls into question the veracity of the officers' observations, down to the only other observation that could possibly provide probable cause: the observation of what Officer Gallas believed was a riffle barrel protruding from the black bundle carried by JOSE ACOSTA. Simply walking down the street with a bundle is not sufficient to support probable cause in this case.

### III. Conclusion

In light of the above, Defendant JOSE ACOSTA respectfully requests this Honorable Court conduct an evidentiary hearing, and, at the conclusion of that hearing, enter an Order quashing JOSE ACOSTA's arrest and suppressing all evidence gained as a result of that illegal arrest.

Respectfully submitted,

/s/Quinn A. Michaelis
Quinn A. Michaelis

Attorney for JOSE ACOSTA
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920

### CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, I electronically filed the above

DEFENDANT JOSE ACOSTA'S MOTION TO QUASH ARREST

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on September 13, 2019.

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney for Jose Acosta
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920