UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \| | |
| Plaintiff, | \| | |
| | \| | |
| v. | \| | No. 17 CR 822-02 |
| | \| | |
| JOSE ACOSTA, | \| | Judge Edmond Chang |
| Defendant. | \| | |

**STATUS REPORT**

Defendant Jose Acosta, by and through his appointed counsel John L. Sullivan, hereby files this status report as to Defendant Acosta's case.

As last indicated to the Court, Defendant Acosta has new counsel who is continuing to review discovery and was hoping to attend the hearing on co-Defendant Flores' Motion to Suppress once scheduled for February 4, 2021. With the resetting of that hearing for June 30, 2021, Defendant Acosta and his counsel are having to reconsider their strategy and plans.

With the Pandemic halting trials and most hearings, and with co-Defendant Flores free on bond and Defendant Acosta detained in custody for more than 37 months, if Acosta waits for resolution of co-Defendant Flores' Motion in June 2021 or thereafter, Acosta will have served more than 42 months in custody, which at 85% is the equivalent of a 49.5-month sentence. Based upon the preliminary calculations contained in the withdrawn Plea Agreement (Doct.# 49), that is approximately 86% of a sentence at the low end of the anticipated Guidelines Range. In Paragraph 9(b)(ii) of that Agreement, Defendant Acosta reserved his right to contest the four-level enhancement for gun trafficking. If Acosta had been successful in that challenge, his offense level would have been 19, not 23, and with Criminal History Category III, his Guideline Range would have been 37-46 months

and today most probably been eligible for work release and by June 30, 2021 been released from custody after statutory credit for good behavior. If Defendant Acosta awaits or attempts to coordinate resolution of his case with that of co-Defendant Flores, Acosta's case will not likely be resolved before the Fall of 2021 and Acosta would have been in custody far longer than the high end of any Sentencing Guideline Range, whether that be the Government's preferred calculation or Acosta's.

Thus, within the next 45 days, Defendant Acosta through his counsel intends to file a proposal to resolve the allegations against him in a manner that will not result in his incarceration for a longer period than his anticipated sentence.

Counsel for the Government was consulted on the filing of joint status report and agreed it best for Defendant Acosta to file this as a separate report. The Government has informed Defendant's counsel that it does not oppose Acosta's request to set the case for status in 45 days and moves for the exclusion of time through the date of such status hearing for the continuity of counsel and in the interest of justice. Defendant Acosta does not object to the exclusion of time.

Wherefore, Defendant Acosta asks the Court to set his case for status on a date in late March 2021 to address Acosta's proposal to resolve his case separate from that of co-Defendant Flores.

Respectfully submitted,

Defendant Jose Acosta

By: s/ John L. Sullivan

Counsel for Defendant

Date: 8 February 2021

## CERTIFICATE OF SERVICE

  The undersigned does hereby certify that, at the approximate time of electronic filing, service of this

## STATUS REPORT

was accomplished upon attorneys for all opposing parties pursuant to ECF as to all Filing Users and complied with Local Rule L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

               Defendant Jose Acosta

               By: s/ John L. Sullivan

               Counsel for Defendant Acosta